**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 26-1757

———————

IN RE: STEPHANIE ANN RIPPLE,
                                        Petitioner

—————————————————————————

On a Petition for Writ of Mandamus to the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 4:25-cv-00322)

—————————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 11, 2026
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: July 30, 2026)

—————————

OPINION[*]

—————————

PER CURIAM

Stephanie Ann Ripple has filed a petition for a writ of mandamus.  For the reasons

that follow, we will deny the petition.

The procedural history of the District Court proceedings is well known to the

parties and need not be discussed at length.  Briefly, Ripple's father was convicted of

violent crimes and spent decades in prison before passing away.  Ripple, acting as the

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

administrator and sole beneficiary of her father's estate, filed a pro se civil rights complaint in the United States District Court for the Middle District of Pennsylvania. She sought to relitigate the grievances her father had against prosecutors and prison officials. Defendants filed motions to dismiss, and a Magistrate Judge recommended that the motions be granted. The District Court adopted the Magistrate Judge's Reports and Recommendations and dismissed the complaint with prejudice except for the claims against Letitia James which were dismissed without prejudice for lack of service. Ripple filed a notice of appeal which was docketed at No. 26-1411. She also filed in the District Court motions for a default judgment and for sanctions. When these motions were denied, she filed a notice of appeal and an amended notice of appeal which were docketed at No. 26-1842.

In her mandamus petition, Ripple requests that the Magistrate Judge be recused, the matter transferred to "an unbiased district," and that we certify the issues of bias, mail interference, and denial of due process for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

In order to be entitled to the extraordinary remedy of mandamus relief, Ripple must show that she lacks adequate alternative means to obtain the relief she seeks, and she carries the burden of showing that her right to relief is clear and undisputable. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). A petition for a writ of mandamus is not a substitute for an appeal. *See In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006).

2

Mandamus may be used to review a Magistrate Judge's refusal to recuse pursuant to 28 U.S.C. § 455(a). *See Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). This Court reviews a judge's decision to not recuse himself under an abuse of discretion standard. *In re Kensington Intern. Ltd.*, 368 F.3d 289, 300-01 (3d Cir. 2004). Under 28 U.S.C. § 455(a), a judge should disqualify himself if his impartiality might reasonably be questioned. Ripple has not made any allegations supporting her argument that the Magistrate Judge should recuse. A litigant's displeasure with the judge's legal rulings is not an adequate basis for recusal. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Ripple's request that we transfer the matter to an unbiased district is similarly without merit. Nor has she shown that she has a clear right to a change in venue. *See* 28 U.S.C. § 1404(a) (providing that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought").

As for Ripple's request that we certify issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), she has not shown why she did not have the alternate remedy of raising the issues she seeks to have certified in her appeals.

Ripple also requests that we transmit the record to the U.S. Attorney and the Department of Justice Civil Rights Division for investigation. However, an individual has no federal right to require the government to initiate criminal proceedings. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also*

3

*United States v. Berrigan*, 482 F.2d 171, 173-74 (3d. Cir. 1973) (explaining that the Government is permitted some selectivity in its enforcement of criminal laws).

Ripple also requests that all service be made at Court expense pursuant to 28 U.S.C. § 1915(d) due to financial hardship. Section 1915(d) addresses cases where a litigant is proceeding in forma pauperis and provides that "officers of the court shall issue and serve all process." Ripple, however, did not proceed in forma pauperis in the District Court. And service of process does not include service of other filings. *Compare* Fed. R. Civ. P. 4(c)(3) (providing that district court must order service by a Marshal if plaintiff is authorized to proceed in forma pauperis) *with* Fed. R. Civ. P. 5 (describing service of other papers).

In supplements to her mandamus petition, Ripple requests that we vacate previous dismissal orders, enter default judgment in favor of the estate, and grant her father habeas relief. She has not shown alternative remedies via direct appeal are insufficient or a clear right to this relief. *See Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (holding that a habeas petition is mooted by the death of the petitioner).

For the foregoing reasons, we will deny the mandamus petition. Ripple's motions are denied.